UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, <br><br> Plaintiff, <br><br> v. <br><br> ISU SGT GARCIA, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01583-KES-EPG (PC) <br><br> ORDER VACATING PREVIOUS FINDINGS AND RECOMMENDATIONS (ECF NO. 11) <br><br> AND <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM <br><br> OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Melvin Parker is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court recommends that this case be dismissed with prejudice for failure to state a claim.

I.  BACKGROUND

Plaintiff filed the Complaint commencing this action on November 9, 2023. (ECF No. 1). Plaintiff alleged that investigating officers at Kern Valley State Prison failed to follow procedures provided in the Prison Rape Elimination Act (PREA) when Plaintiff reported a sexual assault. The Court has screened the complaint and on March 4, 2024, issued a screening

1

order holding that Plaintiff failed to state any cognizable claims. (ECF No. 9). The Court gave Plaintiff 30 days to either file an amended complaint or file a statement with the Court that he wants to stand on his original complaint. (*Id.* at 8). The Court advised Plaintiff that, if he chooses to stand on the filed complaint, the Court would issue "findings and recommendations to a district judge recommending dismissal of the action" consistent with the Court's screening order. (*Id.* at 9). When the deadline to respond to the Court's screening order has passed, and Plaintiff has not filed an amended complaint or a statement with the Court that he wishes to proceed on his original complaint, the Court issued Findings and Recommendations that this action be dismissed without prejudice for failure to prosecute and failure to follow Court's orders. (ECF No. 11).

Plaintiff then filed notice that he wishes to proceed on his original complaint. (ECF No. 12). Accordingly, the Court **VACATES** its previous Findings and Recommendations (ECF No. 11) and recommends that this action be dismissed with prejudice for failure to state a claim.

Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF Nos. 2, 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint names as defendants ISU[1] Officers Garcia and Contreras. (ECF No. 1 at 2).

Plaintiff alleges that on October 31, 2023, at approximately 10:45 am, he reported to Dr. Raya a "PREA" against correctional officers M. Burkeheart and Connelly. Dr. Raya then reported the PREA to Kern Valley State Prison ISU Sergeant Garcia. Plaintiff was called into the program officer where he was met by ISU Officers Garcia and Contreas. They questioned Plaintiff regarding his complaint. He reported that he had been sexually assaulted by correctional officers Burkeheart and Connelly, who penetrated his anus and sexually touched his penis and that "this type of misconduct has continued to happen." (ECF No. 1 at 3). Plaintiff told ISU Officers Garcia and Contreas that he would like for them "to perform a full body medical examination to collected evidences as prescribed by law under the PREA standard." (*Id.*) Plaintiff claims that he was denied medical treatment and sent back to the cell without being seen by forensic medical doctors. (*Id.*)

Plaintiff also claims that he was not provided with mental health treatment from a confidential outside sexual abuse provider to help him cope with the emotional abuse and pain. (*Id.* at 4.)

Plaintiff asks for a jury trial and compensatory and punitive damages. (*Id.* at 6). Plaintiff also asks for a full body medical treatment by a forensic examiner by an outside hospital doctor and for all officers to be fired. (*Id.*)

### IV. ANALYSIS OF PLAINTIFF'S ALLEGATIONS

**A. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

[1] The Court understands this to refer to Investigative Services Unit.

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B. PREA**

Plaintiff's complaint alleges that ISU officers failed to comply with requirements of PREA.

Congress enacted PREA to address the problem of prison rape by: "(1) developing national standards for the detection, prevention, reduction, and punishment of prison rape;" (2) applying such national standards to governmental agencies and departments that maintain correctional facilities; and (3) conditioning eligibility for federal grant money on compliance with such standards. 42 U.S.C. §§ 15602, 15605; *Blair v. Herrera-Salazar*, 2019 WL 13448296, at *5–6 (S.D. Cal., Sept. 5, 2019, No. 3:19-CV-01261-DMS-KSC). PREA creates a scheme which requires institutional compliance with stated Congressional goals in exchange for federal funding. *See generally* 42 U.S.C. §§ 15602, 15605.

However, PREA does not create a private right of action for prisoners to sue based on a violation of PREAs terms. "A private right of action 'to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). A person's "ability to bring a private right of action may be authorized by the explicit statutory text or, in some instances, may be implied from the statutory text" where "there is clear evidence" of Congressional intent. *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010). The Court's role is to "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* Without "specific Congressional intent, no private right of action exists."

PREA does not "explicitly or implicitly suggest[ ] that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." *Hatcher v. Harrington,* 2015 WL 474313, at *5 (D. Hawaii, Feb. 5, 2015). "Nor does the PREA's language, structure, context, or legislative history suggest that Congress intended to create a private remedy for noncompliance with the PREA." *Hatcher*, 2015 WL 474313, at *5; *see* 42 U.S.C. § 15607(e) (explicitly directing the Attorney General to enforce compliance with the PREA); *Alexander*, 532 U.S. at 286 (explaining that absent Congressional intent "to create not just a private right but also a private remedy . . . no private right of action exists."); *see also*

*Denton v. Pastor*, 2017 WL 5068329, at *1 (W.D. Wash. Nov. 2, 2017) ("any claim predicated on purported statutory violations of the PREA must be dismissed"); *Reed v. Racklin*, 2017 WL 2535388, at *2 (E.D. Cal. June 12, 2017) (" The PREA does not give rise to a private cause of action").

Therefore, Plaintiff's claims against investigators for failing to follow PREA's rules when investigating allegations of sexual assault do not state a cognizable claim in this Court and are subject to dismissal.

**C. Sexual Assault**

"[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purposes of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). An Eighth Amendment claim under section 1983 for sexual harassment is viable if the alleged sexual harassment is a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

When considering a prisoner's sexual harassment claim, courts consider whether the prison officials acted "with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* Contemporary standards of decency are always violated when prison officially maliciously and sadistically use force to cause harm. *Id.* at 9. Contemporary standards of decency may be violated by sexual assault, coercion, and harassment, but no lasting physical injury is required to state a cause of action. *Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (*en banc*), *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th. Cir. 2000).

The Court has provided Plaintiff with these legal standards in its Screening Order "[t]o assist Plaintiff in determining if he has such a claim." (ECF No. 9 at 6). The Court granted Plaintiff leave to amend his complaint and told him that "if Plaintiff chooses to file an amended

complaint, he may include defendants and claims related to the underlying sexual assault if he chooses to do so." (*Id.* at 5). However, Plaintiff chose to stand on his complaint. (ECF No. 12).

Plaintiff's operating complaint (ECF No. 1) does not allege a claim for sexual assault in violation of the Eighth Amendment against the officers who committed that assault. Plaintiff does not name as defendants the officers who allegedly committed the assault. Plaintiff also does not describe the assault or include it as one of his causes of action. Therefore, Plaintiff's complaint fails to state a claim for sexual assault.

### D. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

As with the sexual assault claim, the Court also provided Plaintiff with the relevant legal standards related to this claim and granted him leave to amend his complaint. (ECF No. 9 at 6–8) ("If Plaintiff wishes to add such a claim in an amended complaint, he should name as defendants the persons he believes was deliberately indifferent to his serious medical needs, and should describe his serious medical need and what that person(s) purposefully failed to respond to that medical need.") Plaintiff chose to stand on his complaint instead. (ECF No. 12).

Plaintiff's complaint alleges that he failed to receive medical treatment. (ECF No. 1 at 3, 4). However, Plaintiff does not name as a defendant any person who failed to provide him medical treatment. He also does not state what medical treatment he required. Therefore, he fails to state a claim for deliberate indifference under the Eighth Amendment.

To the extent Plaintiff is claiming that prison officials were supposed to give him a certain type of treatment under the PREA rules, such a claim fails to state a cause of action for the reasons described above.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Based on the foregoing, **IT IS ORDERED** that:

1. The Court's Findings and Recommendations (ECF No. 11) are **VACATED**;

And it is **RECOMMENDED** that:

1. This action be dismissed with prejudice for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 16, 2024**         /s/ Erica P. Grosjean
                            UNITED STATES MAGISTRATE JUDGE

8